IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIGEL PATRICK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 16-cv-10118 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| REGINALD MATHEWS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendant Mathews's motion to dismiss [17] and Defendant Wainscott's motion to dismiss [23] are granted. All of the claims against those Defendants are dismissed. Defendant Fapso's motion to dismiss [20] is granted in part and denied in part. Specifically, Plaintiffs' state law claims against Fapso are dismissed; Plaintiffs' § 1983 claim again Fapso will proceed. Plaintiffs' claim for indemnification based upon Fapso's alleged constitutional violations may proceed against Fapso's employer and potential indemnifier, presumably the City of North Chicago, but Plaintiffs have not formally named the City of North Chicago as a Defendant. Accordingly, to proceed with that claim, Plaintiffs must amend the Complaint to add a proper Defendant. The time for Plaintiffs to determine whether to file an amended complaint is extended to 5/8/2017. See the accompanying Statement for details.

## STATEMENT

This case concerns allegations by Plaintiffs Nigel and Dianna Patrick that Defendants Reginald Mathews, an attorney with the Lake County State's Attorney's Office; Brian Wainscott, a Village of Mundelein police officer; and Ben Fapso, a City of North Chicago police officer (together, "Defendants"), all caused Nigel Patrick ("Patrick") to be wrongfully charged with participating in criminal gang activity, resulting in his wrongful detention. Plaintiffs claim that Defendants had no evidence whatsoever to support the charge against Patrick. Consequently, Plaintiffs filed their Complaint asserting a claim pursuant to 42 U.S.C. § 1983 for alleged violations of Patrick's constitutional rights (Count I). Plaintiffs also bring a host of state law claims against Defendants: for false imprisonment (Count II), malicious prosecution (Count III), defamation (Count IV), and loss of consortium (Count V). Finally, Plaintiffs assert a claim against Defendants' employers for indemnification under Illinois law (Count VI). All three Defendants have filed motions to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which are now before the Court. (Dkt. Nos. 17, 20, 23.)

## I.     Background[1]

In 2014, federal and local law enforcement agencies investigated a street gang called the "Four Corner Hustlers," which they suspected of trafficking drugs in communities located in Lake County, Illinois. (Compl. ¶¶ 3, 18, 20, 32, Dkt. No. 1; Def. Mathews's Mot. to Dismiss at 2, Dkt. No. 17).[2] The investigation resulted in Patrick, along with 26 other defendants, being arrested and charged in a 28-count state court indictment under the Illinois Street Gang and Racketeer Influenced and Corrupt Organizations Law, 720 ILCS 5/33G-1 *et seq.* (Compl. ¶ 13, Dkt. No. 1.) Plaintiffs allege that, although hundreds of hours of monitored phone calls were collected during the investigation, Defendants did not listen to phone calls generated from Patrick's phones and otherwise collected no evidence implicating him in any criminal activity. (*Id.* ¶¶ 18–19.) Nevertheless, Defendants "caused [Patrick] to be charged as an 'advisor' and 'member' of the Four Comer Hustlers" without any supporting evidence. (*Id.* ¶¶ 25, 27.) The State subsequently dismissed charges against Patrick via a *nolle prosequi* on January 27, 2015. (*Id.* ¶ 17.)

## II.    Discussion

Under Federal Rule of Civil Procedure 8(a)(2) a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the short and plain statement must meet two threshold requirements. First, the complaint's factual allegations must be sufficient to give the defendant fair notice of the claim and grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). While the complaint need not contain detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As an initial matter, each Defendant argues that the statute of limitations in the Illinois Local Governmental and Governmental Employees Tort Immunity Act bars the state claims asserted against them in Counts II, III, IV, and V. *See* 745 ILCS 10/8-101 ("No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."). As indicated in his response brief, Patrick agrees that the statute of limitations argument is well-founded. (*See* Pl.'s Resp. in Opp. to Defs.' Mots. to Dismiss at 7 of

---

[1] For the purposes of Defendants' motions to dismiss, the Court takes the allegations in Plaintiffs' Complaint as true and draws all reasonable inferences in their favor. *See, e.g.*, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

[2] For purposes of exposition, the Court includes certain uncontested facts from Defendants' motions to dismiss.

8, Dkt. No. 27.) Dianna Patrick has not responded to Defendants' motions to dismiss, but from the face of the Complaint, the statute of limitations in Section 10/8-101 applies equally to her state law claim for loss of consortium (Count V). The claims in Counts II, III, IV, and V are therefore dismissed. And the only remaining claims are Patrick's § 1983 claim and his indemnification claim.

Notably, with respect to the § 1983 claim, Patrick purports to sue each Defendant in the Defendant's individual *and official* capacities. (*See* Compl. ¶ 8, Dkt. No. 1.) A § 1983 claim against a defendant in his official capacity is the same as a suit against the employer brought pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). *See Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is not a suit against the official personally, for the real party in interest is the entity."); *Glatt v. Chicago Park Dist.*, 847 F. Supp. 101, 103 (N.D. Ill. 1994) ("[A] suit against a public official in his or her official capacity is equivalent to a suit against the municipality he or she represents." (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). Insofar as Patrick is asserting *Monell* claims against Defendants' employers, those claims must fail. *Monell* liability will appropriately lie only if the Plaintiffs identify some policy or custom of the City that caused him to be deprived of a constitutional right. *Monell*, 436 U.S. at 694–95. To satisfy this requirement, Plaintiffs must allege that the constitutional violation was "caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with 'final policymaking authority.'" *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011) (quoting *Darchak v. City of Chi. Bd. of Ed.*, 580 F.3d 622, 629 (7th Cir. 2009)). As the Complaint states no such allegations, Patrick has failed to state a claim under *Monell*. The Court thus considers the § 1983 claims against Defendants in their individual capacities only.

Section 1983 does not confer any substantive rights but rather is "an instrument for vindicating federal rights conferred elsewhere." *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997). Here, the Complaint alleges that Patrick was "improperly seized, arrested, detained and charged without any probable cause in violation of his [c]onstitutional rights." (Compl. ¶ 39, Dkt. No. 1.) As the Supreme Court recently held, this is sufficient to state a constitutional violation under the Fourth Amendment, which prohibits, *inter* alia, both unreasonable arrests and unlawful pretrial detentions. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) (holding that plaintiff stated Fourth Amendment claim to be redressed under § 1983 "when he sought relief not merely for his (pre-legal-process) arrest, but also for his (post-legal-process) pretrial detention").

The Complaint alleges that Mathews, in his role as the assistant state's attorney, violated Patrick's constitutional rights because he "directed the investigation and coordinated the efforts of law enforcement officers to charge, arrest[,] and incarcerate" Patrick. (Compl. ¶ 4, Dkt. No. 1.) Insofar as this allegation aims to hold Mathews liable for his decision to initiate the prosecution of Patrick, the claim fails because Mathews is absolutely immune from liability for such a decision. *Gordon v. Devine*, 2008 WL 4594354, at *10 (N.D. Ill. Oct. 14, 2008) (citing *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976)). Prosecutors are absolutely immune for "acts [] in preparing for the initiation of judicial proceedings or for trial." *Id.* That said, prosecutors are ***not*** absolutely immune for "acts that serve an 'investigative function[] normally performed by a detective or police

officer.'" *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). The problem here is that the Complaint does not state with sufficient specificity what Mathews is alleged to have done to cause Patrick's allegedly unconstitutional arrest and detention. Thus, the claim against Mathews is dismissed for failing to allege facts that plausibly suggest that Mathews caused any violation of Patrick's constitutional rights. This dismissal is without prejudice due to the possibility that Patrick might be able to allege conduct based on investigatory acts; additional allegations of acts in preparation or relation to any judicial proceedings against Patrick will not suffice to resuscitate his claim. *Id.*

The Complaint also fails to state with sufficient specificity how Defendant Wainscott caused any violation of Patrick's constitutional rights. The Complaint alleges that Wainscott "was assigned to a multi-jurisdictional task force that investigated the Four Corner Hustlers and directed the investigation into the false arrest and malicious prosecution of NIGEL PATRICK." (Compl. ¶ 5, Dkt. No. 1.) But merely alleging that Wainscott was involved in investigating Patrick is not sufficient to state a claim against Wainscott. Nor is it enough to allege that Wainscott investigated the false arrest of Patrick, as that claim would only support the conclusion that Wainscott investigated—***after the fact***—the violation of Patrick's constitutional rights, not that he participated in the violation of those rights. Thus, the claim against Wainscott must be dismissed without prejudice as well.

The allegations against Defendant Fapso, however, do suffice to state a claim. Patrick has alleged that Fapso "directed the investigation of NIGEL PATRICK" in relation to the investigation of the Four Corner Hustlers. (Compl. ¶ 6, Dkt. No. 1.) The Complaint also states that Defendants did not obtain any evidence that Patrick was associated with the Four Corner Hustlers, but nevertheless "caused PATRICK to be arrested and detained." (*Id.* ¶¶ 13, 28, 32.) With respect to Mathews and Wainscott, the Complaint does not plausibly allege how they were involved in causing Patrick to be arrested and detained. But, since Patrick has alleged that Fapso directed the investigation against Patrick, the Complaint plausibly suggests that Fapso had a causal role in Patrick's unconstitutional arrest and detention—such as by ordering Patrick be arrested and detained or ratifying the decisions to arrest and to detain him with the knowledge that there was no evidence against him. *See Manuel*, 137 S. Ct. at 919 (holding that unlawful pretrial detention is actionable under Fourth Amendment); *Driebel v. City of Milwaukee*, 298 F.3d 622, 652 (7th Cir. 2002) ("An arrest without probable cause is a violation of the Fourth Amendment."). This is perhaps a thin reed but it is enough to survive this stage of the proceedings.

Finally, Defendants argue that Plaintiffs' claim for indemnification under state law (Count VI) must fail. With respect to Defendants Mathews and Wainscott, the Court agrees. A claim for indemnification is dependent on another claim for which Defendants may be held liable and the Court has dismissed all claims against Mathews and Wainscott. But because the § 1983 claim against Fapso survives, so too does the claim for indemnification based on Fapso's alleged constitutional violation. Fapso argues that the claim should be dismissed because Plaintiffs have not named the indemnifying entity.[3] But Plaintiffs have identified Fapso's employer in the Complaint, including in the indemnification claim itself. (Compl. ¶¶ 6, 66, Dkt. No. 1.) That said,

---

[3] Fapso also argues that there is no *respondeat superior* liability under *Monell*. However, this is inapposite as Plaintiffs seek indemnification under Illinois law, *see* 745 ILCS 10/2-301, 10/2-302, 10/9-102, not under federal law. (Compl. ¶ 67, Dkt. No. 1.)

Plaintiffs did not explicitly name Fapso's employer—the North Chicago Police Department, according to the Complaint—as a Defendant. Plaintiffs should amend the Complaint to name Fapso's employer, and any other entity from which they seek indemnification, if they desire to assert such a claim.

Dated: May 4, 2017

_____
Andrea R. Wood
United States District Judge